IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILFREDO MERCADO-CASTILLO,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**Civil No. 25-1268 (GMM)**

## OPINION AND ORDER

Before the Court is Defendant the United States of America's ("United States") *Motion to Dismiss* (Docket No. 14) Plaintiff Wilfredo Mercado-Castillo's ("Plaintiff" or "Mr. Mercado") *Complaint* (Docket No. 1). For the reasons outlined below, the Court **GRANTS** the United States' *Motion to Dismiss*.

### I.  BACKGROUND

Mr. Mercado is a 28-year veteran suing the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, for emotional damages resulting from an allegedly negligent investigation conducted by agents of the U.S. Army's Criminal Investigation Division ("CID"). (Docket No. 1 at 1-2 ¶¶ 2, 5).

The investigation took place in 2016. (Id. at 2 ¶ 7). At the time, Mr. Mercado was a member of the Puerto Rico National Guard. (Id. at 2 ¶ 6). He entered this division through the Guard Recruiting Assistance Program Enlistment ("G-RAP"), which was an initiative that paid soldiers for successfully recruiting new

Civil No. 25-1268 (GMM)
Page -2-

personnel. *See* (id. at 2 ¶ 7). That year, G-RAP underwent investigation by CID for allegations of criminal wrongdoing. (Id.). CID agents interviewed and investigated Mr. Mercado based on his recruiting activities. (Id.). Mr. Mercado alleges these interviews were "prolonged," "aggressive," (id.), "intimidating[,] and hostile." (Id. at 3 ¶¶ 8-9). Post-interview, agents continued to call Mr. Mercado on his work and personal phones and placed a flag in his employment/military record regarding this incident. (Id. at 3-4 ¶¶ 11, 14).

This interview, Mr. Mercado alleges, "caused multiple psychological disorders" including post-traumatic stress disorder ("PTSD") and bipolar syndrome, as well as generalized "mental anguish, suffering, discomfort and other mental conditions" for which he retained professional mental treatment. (Id. at 3 ¶¶ 11-12). He also asserts that the flag on his record hindered his ability to seek future employment or receive equal opportunities. (Id. at 4 ¶¶ 14).

Mr. Mercado retired in 2020. (Id. at 2 ¶ 5). Four years later, on November 15, 2024, he filed an administrative complaint, a Standard Form 95 ("SF-95"), with the Department of the Army. (Docket No. 14-1). Therein, he described the mental injuries arising out of the 2016 investigation, without describing the investigation itself, and listed the "date and day of the accident" as December 1, 2022 – two years after his retirement. (Id.). It

**Civil No. 25-1268 (GMM)**
**Page -3-**

was denied on November 19, 2024. (Docket No. 1 at 1-2 ¶ 2). The instant *Complaint* was subsequently filed on May 16, 2025. *See generally* (Docket No. 1).

The United States filed its *Motion to Dismiss* on January 7, 2026. It argued that Mr. Mercado's claim is both time-barred and impeded by various exceptions to the FTCA's waiver of sovereign immunity, including the discretionary function exception, the Feres[1] doctrine, and the intentional torts exception. (Docket No. 14). Attached to the motion were exhibits of Mr. Mercado's SF-95 and Army Regulations outlining agents' discretion in carrying out investigations related to fraud. (Docket Nos. 14-1, 14-2).

Plaintiff filed an opposition,[2] contesting dismissal with prejudice at this stage and requested in the alternative leave to amend the *Complaint*. (Docket No. 16). In its *Reply to Plaintiff's Opposition to Motion to Dismiss and Opposition to Plaintiff's Request for Leave to Amend Complaint*, the United States argues that leave to amend is unduly delayed and futile. (Docket No. 20 at 2-6). Furthermore, the Government avers that the request to amend is merely an attempt at gamesmanship by Plaintiff to avoid addressing the substantive lack of merit of their pleadings as more than eight months have elapsed since the *Complaint* was filed,

---

[1] Feres v. United States, 340 U.S. 135, 146 (1950) (holding the Government is not liable for injuries to servicemen arising out of or during the course of activity incident to military service under the FTCA).
[2] *Plaintiff's Opposition to Defendant's Motion to Dismiss, or in The Alternative, Motion for Leave to Amend*. (Docket No. 16).

Civil No. 25-1268 (GMM)
Page -4-

Plaintiff has not submitted a proposed amended complaint for the Court's consideration, nor has he provided any indication of the substance of the purported new allegations that would cure the deficiencies in the pleading. (Id. at 5).

The above matters are now fully briefed and ripe for disposition.

## II.  LEGAL STANDARD

A.   Rule 12(b)

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 132 (D.P.R. 2007) (citing Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994)). Under Rule 12(b)(1), the plaintiff bears the burden of establishing the existence of subject-matter jurisdiction. Rolón v. Rafael Rosario & Assocs., Inc., et al., 450 F. Supp. 2d 153, 156 (D.P.R. 2006).

Under this review, courts must construe the complaint liberally, treat all well-pleaded facts as true, and draw all reasonable inferences in the favor of the plaintiff. Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015).

The Court may consider all pleadings submitted by the parties under Rule 12 motions. Aversa v. United States, 99 F.3d 1200, 1210

Civil No. 25-1268 (GMM)
Page -5-

(1st Cir. 1996). The Court is not limited to the face of the pleadings and may consider extra-pleading materials to resolve jurisdictional disputes where authenticity is not contested. Fernández-Molinary v. Industrias La Famosa, Inc., 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (*citing* Land v. Dollar, 330 U.S. 731, 735 (1947)).

B.   Rule 15

Pursuant Rule 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B).

Thereafter, a party must request this Court's leave to amend. Id. A court reviews this request discretionarily, taking into consideration both the totality of the circumstances and balance of equities. Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 37 (1st Cir. 2022). If considerable time has elapsed, the moving party must show some valid reason for its delay and neglect. Id.; *see* Calderón-Sierra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) ("A district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part.") (citation modified). Absent any sufficient explanation, denial is warranted. Id.

### III.   DISCUSSION

The United States argues that Mr. Mercado's claims are time-barred. After a review of the record, this Court agrees. Any amendment to the *Complaint* as to this matter would be both unduly delayed and futile.

A.   FTCA

Sovereign immunity shields the United States and its agents from suit. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA constitutes a limited waiver of this sovereign immunity for negligence claims brought by private citizens against federal government employees acting within the scope of their employment. Muñiz-Rivera v. United States, 326 F.3d 8, 12 (1st Cir. 2003).

This waiver has time limits. Under the FTCA, a claim must be presented to the "appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

A claim accrues at the time of injury; if injury isn't readily apparent, it accrues when plaintiff knows (or reasonably should have known) the factual basis of the injury and its cause. Donahue v. United States, 634 F.3d 615, 623 (1st Cir. 2011). This is called the "discovery rule"; it is an objective test. *See* United States v. Kubrick, 444 U.S. 111, 122 (1979). A claim is "forever barred" under the FTCA if the civil complaint is not filed within six years of the cause of action accruing. 28 U.S.C. § 2401(b); Donahue, 634 F.3d at 622.

Civil No. 25-1268 (GMM)
Page -7-

Certainty is not required to start the clock. Callahan v. United States, 426 F.3d 444, 454 (1st Cir. 2005). To delay, the factual basis for the claim must have been "inherently unknowable; that is, not capable of detection through the exercise of reasonable diligence at the time of the asserted injury." Santiago-Montañez v. United States, 103 F. Supp. 3d 185, 189 (D.P.R. 2015) (*citing* Sánchez v. United States, 740 F.3d 47, 52 (1st Cir. 2014)).

Here, Mr. Mercado's claim is forever barred because his claim accrued in 2016. Plaintiff's *Complaint* unequivocally pegs the investigation date to 2016. (Docket No. 1 at 2 ¶ 5). "A reasonable person with [mental health conditions]" related to an event, as Plaintiff alleges is the case here, would have been "capable of detect[ing]" those injuries at the time of their occurrence. Santiago-Montañez, 103 F. Supp. 3d at 189. Indeed, Mr. Mercado's *Complaint* concedes as much: he directly acknowledges that "[d]uring that process Mr. Mercado felt threatened . . . [and] continuously call[ing] him . . . caus[ed] him mental anguish, suffering, discomfort and other mental conditions." (Docket No. 1 at 3 ¶ 11).

Therefore, at the time of the injury, Mr. Mercado had sufficient facts to identify the existence of the injury and its cause, irrespective of its scope, barring this instant matter. His SF-95 – provided in an exhibit by the United States and whose authenticity is uncontested – was filed on November 15, 2024, eight

Civil No. 25-1268 (GMM)
Page -8-

years later. (Docket No. 14-1). Moreover, his civil complaint was filed on May 16, 2025, nine years after the time of injury. (Docket No. 1). Both are well over the respective two- and six-year statute of limitations for exhausting administrative claims and filing a civil complaint. Absent an argument warranting equitable tolling of the statute of limitations,[3] Mr. Mercado is time-barred from pursuing this claim.

Nor could the Court conclusively say – even if the claim wasn't time-barred and was equitably tolled – that Mr. Mercado sufficiently exhausted his administrative remedies. To exhaust, a plaintiff must file a "claim form or other written notification which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." Santiago-Ramírez v. Sec'y of the Dep't of Def., 984 F.2d 16, 19 (1st Cir. 1993) (citation modified). The notice requirement is not a mere formality; it is designed to allow the agency to investigate and settle claims without the need for litigation. The SF-95 Mr. Mercado submitted is clear on the damages sought, yet scant on detailing the who, what, where, when, and why of the 2016 investigation. *See* (Docket No. 14-1).

---

[3] The FTCA's statute of limitations can be equitably tolled, but this doctrine is forfeited if not presented in responsive pleadings. Berman v. United States, 264 F.3d 16, 20 (1st Cir. 2001). Mr. Mercado's pleadings are devoid of an equitable tolling argument, (Docket Nos. 1, 16), so the argument is waived.

Civil No. 25-1268 (GMM)
Page -9-

Crucially, the SF-95 lists the date of accident as December 1, 2022. This six-year discrepancy from the actual events of 2016 is not a minor technicality; it functionally deprives the agency of the opportunity to conduct a meaningful investigation. The First Circuit has held that a claim is not "exhausted" if the information provided is so misleading or deficient that the agency cannot perform its investigative function. *See* Roman-Martinez v. Runyon, 100 F.3d 213, 219 (1st Cir. 1996). As such, the Court need not reach the parties' remaining arguments pertaining to the FTCA's various exceptions.[4]

B.    Leave to Amend

In the alternative, Mr. Mercado implicitly requests an opportunity to remedy any deficient pleadings under Rule 15. *See* (Docket No. 16 at 5-6). Specifically, Plaintiff expresses interest in amending "[w]hether and when the nature and causation of [his] injury became reasonably apparent," and "the nature, timing, and scope of the challenged conduct" that caused his injuries. (Id. at

---

[4]In any event, Mr. Mercado's pleadings do not supply the Court with any means to challenge the United States' arguments as to the discretionary function, Feres, intentional torts, and private analog exceptions. *See generally* (Docket No. 16). A litigant cannot present an argument "bereft of meaningful citation of authority. A party has a duty to put its best foot forward before the [Court]: to spell out its arguments squarely and distinctly." Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988); *see also* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). At best, Mr. Mercado's opposition hints at potential disagreement with the United States. This Court, however, cannot operate on inference alone to preserve a party's argument.

**Civil No. 25-1268 (GMM)**
**Page -10-**

3-4). For its procedural and substantive deficiencies, however, this request must be denied.

Start with the procedure. First, under Local Rule 7(a), Plaintiff should have filed a motion with separate briefing and supporting authorities requesting leave to amend, as opposed to baking this request in a reply. *See* L. Civ. R. 7(a). Second, under Rule 15, Mr. Mercado had the opportunity to amend as of right for 21 days after the United States filed its *Motion to Dismiss* on January 7, 2026. Fed. R. Civ. P. 15(a)(1)(B). In other words, Plaintiff could have filed an amended complaint until January 28, 2026; instead, Plaintiff filed a reply on January 21, 2026, well in advance of this deadline, implicitly requesting leave to amend. *See* (Docket No. 16). No explanation was offered as to why Plaintiff was unable to take advantage of amendment as of right pursuant to the Federal Rules of Civil Procedure. It is well-settled in this circuit that leave to amend may be denied when the movant stood on his original complaint despite being put on notice of its potential flaws by a motion to dismiss. *See* ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir. 2008) (noting that allowing such a practice would "lead to delays, inefficiencies, and wasted work"). To grant leave to amend here would reward "wait-and-see" pleading – a practice this Court will not entertain.

Next, the substance. Any amendments to the *Complaint* are both unduly delayed and futile. As to delay, Mr. Mercado again makes no

**Civil No. 25-1268 (GMM)**
**Page -11-**

argument as to why he was unable to take advantage of amendment as of right, nor why a delay in providing information as to "challenged conduct" or Mr. Mercado's awareness of the injury and its cause – information that Mr. Mercado had available at the time of the *Complaint*'s filing – would be justified. *See* Calderón-Sierra, 715 F.3d at 19. Furthermore, Plaintiff's request is futile as a matter of law. No amendment to the *Complaint* can retroactively cure a failure to properly exhaust administrative remedies or revive a claim already barred by the statute of limitations. Because the underlying SF-95 was both untimely and factually deficient, the jurisdictional defect is permanent. Finally, Plaintiff's failure to provide a proposed amended complaint leaves the Court with no basis to conclude that he could plead new facts sufficient to overcome the FTCA's rigorous statutory bars. Taken together, the Court must deny Plaintiff's leave to amend the *Complaint*.

## V.    CONCLUSION

For the reasons explained above, the Court **GRANTS** the United States' *Motion to Dismiss* **WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on April 28, 2026.

/s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE